WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rameses Te Lomingkit, et al., | No. CV-16-00689-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Apollo Education Group Incorporated, et al., | |
| Defendants. | |

Before the Court are four competing motions for appointment as lead plaintiff and approval of lead counsel, (Docs. 30, 31, 33, 34). For the following reasons, the Government of Guam Retirement Fund's (GGRF) motion, (Doc. 34), is granted and the remaining competing motions, (Docs. 30, 31, 33), are denied.

## **BACKGROUND**

This is a securities fraud class action brought under the Securities and Exchange Act of 1934 (Exchange Act) against Apollo Education Group Incorporated (Apollo) and several of its executive officers on behalf of all purchasers of Apollo Class A common stock between June 26, 2013, and October 21, 2015, (Doc. 1, ¶ 1). Apollo owns and operates several for-profit educational institutions around the country, (*Id.*, ¶ 2). Plaintiffs allege that, during the class period, "Apollo reported generating billions of dollars in revenues while concealing that a substantial portion of those revenues were being derived through recruiting tactics being undertaken at U.S. military bases across the

country that contradicted an Executive Order signed into law by President [Barack] Obama on April 27, 2012," and "concealed that Apollo was using improper recruiting tactics that likely violated the express terms of the contractual agreements the Company had entered into with the [U.S. Department of Defense] in February 2012 and July 2014," (*Id.*, ¶ 3). Additionally, Plaintiffs allege that Apollo concealed from its investors that its new online classroom platform contained a technical glitch that prevented online students from accessing their courses, resulting in a dramatic decline in student retention and new enrollment rates, (*Id.*, ¶¶ 4-7). Plaintiffs allege that the price of Apollo Class A common stock plummeted by approximately 80% when these misdeeds came to light, (*Id.*, ¶ 13). This lawsuit followed, and now four Apollo Class A common stock investors separately have moved for appointment as lead plaintiff: Yingbo Li, (Doc. 30); National Shopmen Pension Fund (National Shopmen), (Doc. 31); Iron Workers District Council (Philadelphia & Vicinity) Retirement and Pension Plan (Iron Workers), (Doc. 33); and GGRF, (Doc. 34).[1]

## LEGAL STANDARD

The Private Securities Litigation Reform Act of 1995 (PSLRA) establishes a procedure for selecting a lead plaintiff in class actions brought under the Exchange Act. *See* 15 U.S.C. § 78u-4(a)(3). The plaintiff(s) responsible for bringing the action must publish a notice advertising the members of the purported class within 20 days of filing the complaint. § 78u-4(a)(3)(A)(i). Any member of the purported class has 60 days from the date the notice was published to move to serve as lead plaintiff. § 78u-4(a)(3)(A)(i)(II). Within 90 days of publication, the court must "consider any motion made by a purported class member . . . and shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interest of class members . . . ." § 78u-4(a)(3)(B)(i).

The PSLRA establishes a rebuttable presumption that the most adequate plaintiff

---

[1] A fifth motion, filed by Betty McLeod and Janine LaDouceur, was withdrawn, (Docs. 27, 37).

is the person or entity that: (1) "has either filed the complaint or made a motion in response to a notice," (2) "has the largest financial interest in the relief sought by the class," and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." § 78u-4(a)(3)(B)(iii)(I). This presumption is rebuttable only by proof that the presumptively adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." § 78u-4(a)(3)(B)(iii)(II).

> Under Fed. R. Civ. P. 23(a):
>
> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Only factors three and four—typicality and adequacy—are relevant to the selection of lead plaintiff. *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002); *Tsirekidze v. Syntax-Brillian Corp.*, No. CV-07-2204-PHX-FJM, 2008 WL 942273, at *2 (D. Ariz. Apr. 7, 2008). "If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff." *In re Cavanaugh*, 306 F.3d at 730.

## **DISCUSSION**

Plaintiff Rameses Te Lomingkit filed the complaint in this matter on March 14, 2016, and published notice of the action in PR Newswire the same day, (Doc. 1; Doc. 36-1 at 9-11). On May 13, 2016, Li, National Shopmen, Iron Workers, and GGRP timely filed their separate motions for appointment as lead plaintiff, (Docs. 30, 31, 33, 34). All four movants satisfy the PSLRA's first requirement because they have filed motions in response to a notice.

The four movants claim to have suffered the following financial losses as a result of Apollo's alleged securities fraud:

1. Li: $2,527.40, (Doc. 30-2 at 14);
2. National Shopmen: $506,283.54, (Doc. 32-3 at 2);
3. Iron Workers: $335,053.02, (Doc. 33-3 at 2);
4. GGRF: $545,742.95, (Doc. 36-1 at 7).

No one disputes the accuracy of these figures. GGRF therefore has the largest financial interest in the relief sought by the class.

GGRF also satisfies Rule 23's typicality and adequacy requirements. "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*. 976 F.2d 497, 508 (9th Cir. 1992) (internal quotations and citation omitted). GGRF, like the other purported class members, claims to have purchased Apollo Class A common stock during the class period at prices artificially inflated by Apollo's alleged fraud, and claims to have suffered financial loss when the stock price plummeted following disclosure of Apollo's alleged misdeeds, (Doc. 35 at 3-4; Doc. 36-1 at 2-7).

The test for adequacy is whether: "(1) the proposed lead plaintiff's interests are in common with, and not antagonistic to, those of the class; and (2) proposed lead plaintiff's counsel are qualified, experienced, and generally able to conduct the litigation." *Schonfield v. Dendreon Corp.*, No. C07-800MJP, 2007 WL 2916533, at *4 (W.D. Wash. Oct. 4, 2007) (citing *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978)). As a fellow purchaser of Apollo Class A common stock during the class period who suffered financially from the dramatic reduction in stock price, GGRF's interests appear identical to those of the other purported class members and movants, and no one asserts otherwise. GGRF is represented by Bernstein Litowitz Berger & Grossmann LLP (BLB&G) as lead counsel and Tiffany & Bosco P.A. as local counsel, (Doc. 36 at 2). Through firm resumes appended to its motion, GGRF has demonstrated that BLB&G and

Tiffany & Bosco are qualified, experienced, and capable of conducting successful securities litigation, (Doc. 36-1 at 13-72).[2] Moreover, no one has objected to or otherwise raised concerns regarding the qualifications of BLB&G or Tiffany & Bosco, and under the PSLRA the Court generally defers to the lead plaintiff's proposed counsel unless there is reason to believe that chosen counsel will not adequately protect the interests of the class. *Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 711-12 (9th Cir. 2009).

The Court therefore finds that GGRF is the most adequate plaintiff to represent the purported class. This conclusion is further supported by the fact that no one has objected to GGRF's motion. *See In re KIT Digital, Inc. Sec. Litig.*, 293 F.R.D. 441, 443-44 (S.D.N.Y. 2013) (equating failure to file an opposition motion with withdrawal or abandonment of initial motion to serve as lead plaintiff). Indeed, National Shopmen—the only movant to respond to GGRF's motion—acknowledges that GGRF's financial loss is greater than its own, raises no concerns over the adequacy of GGRF or its chosen counsel, and states that it remains willing and able to serve as lead plaintiff "[i]f the Court determines that [GGRF] does not satisfy the PSLRA's requirements for appointment as lead plaintiff for any reason," (Doc. 38 at 2). Accordingly, there being no objection, and based on the foregoing findings,

**IT IS ORDERED** that GGRF's Motion for Appointment as Lead Plaintiff and Approval of Its Selection of Lead Counsel, (Doc. 34), is **GRANTED**. GGRF's selection of lead counsel is approved, and Bernstein Litowitz Berger & Grossmann LLP is appointment as lead counsel for the purported class. Tiffany & Bosco P.A. is appointed to serve as local counsel for lead plaintiff and the purported class.

//

//

---

[2] Indeed, other courts have found BLB&G to be qualified to serve as lead counsel in cases under the Exchange Act. *See Frias v. Dendreon Corp.*, 835 F. Supp. 2d 1067, 1076 (W.D. Wash. 2011); *Crawford v. Onyx Software Corp.*, No. C01-1346L, 2002 WL 356760, at *2 (W.D. Wash. Jan. 10, 2002).

**IT IS FURTHER ORDERED** that Li, National Shopmen, and Iron Worker's competing motions for appointment as lead plaintiff and approval of lead counsel, (Docs. 30, 31, 33), are **DENIED**.

Dated this 16th day of June, 2016.

_____
Douglas L. Rayes
United States District Judge