David B. Rosenbaum, 009819
Maureen Beyers, 017134
Brian K. Mosley, 030841
OSBORN MALEDON, P.A.
2929 North Central Avenue, Suite 2100
Phoenix, Arizona  85012-2794
(602) 640-9000
drosenbaum@omlaw.com
mbeyers@omlaw.com
bmosley@omlaw.com

Michael G. Bongiorno, *Pro Hac Vice*
WILMER CUTLER PICKERING HALE AND DORR LLP
250 Greenwich Street, 7 World Trade Center
New York, NY  10007
(212) 230-8800
Michael.bongiorno@wilmerhale.com

Peter A. Spaeth, *Pro Hac Vice To Be Filed*
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, Massachusetts  02109
(617) 526-6150
Peter.spaeth@wilmerhale.com

***Attorneys for Defendants***

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rameses Te Lomingkit, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Apollo Education Group, Inc. (f/k/a Apollo Group, Inc.), Peter V. Sperling, Gregory W. Cappelli, Brian L. Swartz and William Pepicello,<br><br>　　　　　Defendants. | No. 2:16-cv-00689-DLR<br><br>**CLASS ACTION**<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOVING DEFENDANTS' MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT** |

1    Defendants Apollo Education Group, Inc. (f/k/a Apollo Group, Inc.) ("Apollo"),

2    Peter V. Sperling, Gregory W. Cappelli, Brian L. Swartz and William Pepicello

3    (collectively "Defendants") have moved to dismiss Plaintiffs' Consolidated Class

4    Action Complaint ("CAC").  In support of their motion, Defendants hereby request that

5    this Court take judicial notice, under Federal Rule of Evidence 201, of certain

6    documents attached as exhibits to the accompanying Declaration of Brian K. Mosley

7    ("Mosley Declaration").

8    The documents attached to the Mosley Declaration include: (1) documents filed

9    with the United States Securities and Exchange Commission (the "SEC"); (2) investor

10   communications, including transcripts from investor conference calls and conferences,

11   and (3) various publically available news reports and documents involving government

12   entities.

13                                **ARGUMENT**

14   Judicial notice of a fact is proper where the fact is not subject to reasonable

15   dispute because it is "(1) generally known within the territorial jurisdiction of the trial

16   court or (2) capable of accurate and ready determination by resort to sources whose

17   accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Judicial notice is

18   mandatory "if requested by a party and [the court is] supplied with the necessary

19   information."  Fed. R. Evid. 201(d); *see also Papai v. Harbor Tug & Barge Co.*, 67 F.3d

20   203, 207 n.5 (9th Cir. 1995), *rev'd on other grounds*, 520 U.S. 548 (1997).  The Court

21   may take judicial notice "at any stage of the proceeding."  Fed. R. Evid. 201(d).  The

22   contents of each of the exhibits attached to the Mosley Declaration meet these

23   standards.

24   **I.     THE COURT SHOULD CONSIDER DOCUMENTS REFERENCED IN
            THE CAC**

25

26   The Court must consider documents incorporated by reference into the CAC.

27   *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (when ruling

28   on a motion to dismiss a securities fraud complaint, "courts must consider the complaint

                                      2

1    in its entirety," including "documents incorporated into the complaint by reference");

2    *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998); *Lee v. City of Los Angeles*, 250

3    F.3d 668, 688 (9th Cir. 2001) ("If the documents are not physically attached to the

4    complaint, they may be considered if the documents' 'authenticity ... is not contested'

5    and 'the plaintiff's complaint necessarily relies' on them."). Accordingly, the Court

6    should consider the contents of the documents attached as **Exhibits 3-5** and **10-33** to the

7    Mosley Declaration, all of which are incorporated by reference in the CAC or are

8    necessarily relied upon by the CAC. Individual paragraphs of the Mosley Declaration

9    indicate which CAC paragraphs rely on each exhibit.

10   **II.    THE COURT SHOULD CONSIDER DOCUMENTS SUBJECT TO**
     **JUDICIAL NOTICE**

11

12          **A.    The Court Should Take Judicial Notice of Apollo's SEC Filings**

13          The Court should take judicial notice of the contents of **Exhibits 1-9** to the

14   Mosley Declaration. These exhibits consist of documents filed with the SEC.

15   Documents filed with the SEC are matters of public record and their contents may be

16   judicially noticed. *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006);

17   *In re Silicon Graphics, Inc. Sec. Litig.*, 970 F. Supp. 746, 758 (N.D. Cal. 1997) (courts

18   may "take judicial notice of the contents of relevant public disclosure documents

19   required to be filed with the SEC as facts capable of accurate and ready determination");

20   *Brodsky v. Yahoo! Inc.*, 630 F. Supp. 2d 1104, 1111 (N.D. Cal. 2009).

21          Courts routinely take judicial notice of documents that have been filed with the

22   SEC. *See, e.g.*, *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 &

23   n.7 (9th Cir. 2000); *In re Ditech Commc'ns Corp. Sec. Litig.*, No. 05-02406, 2006 WL

24   2319784, at *5-6 (N.D. Cal. Aug, 10, 2006) (SEC filings subject to judicial notice).

25   These documents can be readily verified by reference to EDGAR (http://www.sec.gov/

26   edgar.shtml), a website that is maintained by the SEC.

27

28

3

**B.      The Court Should Take Judicial Notice of Apollo's Investor and Public Communications**

The Court should also take judicial notice of the contents of the documents attached as **Exhibits 10-24** to the Mosley Declaration, which are transcripts of recorded conference calls with Apollo investors and other investor presentations and press releases.  It is proper for the Court to take judicial notice that the "market was aware of the information" contained in these public documents.  *Heliotrope Gen. Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999).  Courts routinely take judicial notice of such materials to show disclosure of information.  *Brodsky*, 630 F. Supp. 2d at 1111 (taking judicial notice of the contents of conference calls with investors, press releases, news articles, and analyst reports);  *In re Century Aluminum Co. Sec. Litig.*, 749 F. Supp. 2d 964, 979-80 (N.D. Cal. 2010) (takeing judicial notice of conference call statements) (citing *Metzler Inv.*, 540 F.3d at 1064 & n.7).

The fact that these earnings calls and other investor presentations occurred, and that these transcripts were available to the public, is the proper subject of judicial notice. The language used in transcripts such as this does not always accurately reflect the precise language used by the speaker, nor the identity of the speaker.  Pursuant to Rule 56(c)(1)(A) of the Federal Rules of Civil Procedure, Defendants stipulate, for the limited purpose of Defendants' Motion to Dismiss only, that these transcripts accurately reflects the statements and speakers identified therein.

**C.      Publicly Available News Reports and Documents from Public and Administrative Records of Government Agencies Are Subject to Judicial Notice**

The Court should also take judicial notice of the contents of the documents attached as **Exhibits 25-33** to the Mosley Declaration, which are various publically available news reports and documents involving government entities.  Courts may take judicial notice of public and administrative records of governmental agencies and other readily available public documents.  *See Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir.

1   1994) (holding that courts may take judicial notice of "[r]ecords and reports of

2   administrative bodies."); *In Re Epogen & Aranesp Off-Label Mktg. & Sales Practices*

3   *Litig.*, 590 F. Supp. 2d 1282, 1286 (C.D. Cal. 2008) (finding that documents available

4   on the FDA website are not subject to reasonable dispute and are proper for judicial

5   notice); *Ries v. Hornell Brewing Co.*, No. 10-1139, 2010 WL 2943860 at *5 (N.D. Cal.

6   July 23, 2010) (noting that a document available on the FDA's website is a matter of

7   public record and therefore judicially noticeable).  Courts routinely take judicial notice

8   of documents that show what information was in the public domain at the relevant time

9   including news reports.  *See Heliotrope Gen., Inc.*, 189 F.3d at 981 n.18 (taking judicial

10  notice "that the market was aware of the information contained in news articles

11  submitted by the defendants"); *In re Wet Seal, Inc. Sec. Litig.*, 518 F. Supp. 2d 1148,

12  1157-59 (C.D. Cal. 2007) (taking judicial notice of defendants' press releases); *In re*

13  *Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 863-64 (N.D. Cal. 2004) (same).

14      **Exhibit 25** is the 2015 Annual Report for the Defense Acquisition University, a

15  corporate university of the Department of Defense.  **Exhibits 26 and 28** are Memoranda

16  of understanding between the Department of Defense and the University of Phoenix.

17  **Exhibit 27** is an executive order from President Obama.  **Exhibit 29** is a letter from the

18  Department of Defense to the University of Phoenix.  **Exhibit 30** is a letter from the

19  University of Phoenix to the U.S. Department of Veteran's Affairs.  **Exhibit 31** is the

20  Department of Defense Instruction 1322.25.  **Exhibits 32 and 33** are news reports.  All

21  of these exhibits are capable of accurate and ready determination by resort to sources

22  whose accuracy cannot reasonably be questioned.

23  . . .

24  . . .

25  . . .

26  . . .

27  . . .

28  . . .

1

**CONCLUSION**

2       For the foregoing reasons, Defendants respectfully request that the Court take

3 judicial notice of the contents of the exhibits described above.

4       Dated this 14th day of October, 2016.

5

6                  OSBORN MALEDON, P.A.

7                  By:  s/ Brian K. Mosley
                    David B. Rosenbaum

8                     Maureen Beyers
                    Brian K. Mosley

9                     2929 North Central Ave., Suite 2100

10                     Phoenix, Arizona 85012-2793

11

12                  WILMER CUTLER PICKERING HALE AND
                 DORR, LLP

13                     Michael G. Bongiorno, *Pro Hac Vice*

14                     250 Greenwich Street
                    7 World Trade Center

15                     New York, New York 10007

16                     Peter A. Spaeth, *Pro Hac Vice To Be Filed*

17                     60 State Street
                    Boston, Massachusetts 02109

18                  *Counsel for Defendants*

19

20

21                 **CERTIFICATE OF SERVICE**

22

23       I hereby certify that on October 14, 2016, the attached document was

24 electronically transmitted to the Clerk of the Court using the CM/ECF System which
will send notification of such filing and transmittal of a Notice of Electronic Filing to all

25 CM/ECF registrants.

26                  s/ Brenda Wendt

27

28