David B. Rosenbaum, 009819
Maureen Beyers, 017134
Brian K. Mosley, 030841
OSBORN MALEDON, P.A.
2929 North Central Avenue, Suite 2100
Phoenix, Arizona 85012-2794
(602) 640-9000
drosenbaum@omlaw.com
mbeyers@omlaw.com
bmosley@omlaw.com

Michael G. Bongiorno, *Pro Hac Vice*
WILMER CUTLER PICKERING HALE AND DORR LLP
250 Greenwich Street, 7 World Trade Center
New York, NY 10007
(212) 230-8800
Michael.bongiorno@wilmerhale.com

Peter A. Spaeth, *Pro Hac Vice To Be Filed*
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6150
Peter.spaeth@wilmerhale.com

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rameses Te Lomingkit, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Apollo Education Group, Inc. (f/k/a Apollo Group, Inc.), Peter V. Sperling, Gregory W. Cappelli, Brian L. Swartz, and William Pepicello,<br><br>Defendants. | No. 2:16-cv-00689-DLR<br><br>**CLASS ACTION**<br><br>**REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE** |

Defendants Apollo Education Group, Inc. (f/k/a Apollo Group, Inc.), Peter V. Sperling, Gregory W. Cappelli, Brian L. Swartz and William Pepicello (collectively "Defendants") reply as follows in support of their Request for Judicial Notice.

Plaintiffs' response opposes only Defendants' request for judicial notice of Exhibit 25. Plaintiffs also request that the Court take judicial notice of their own exhibit. For the following reasons the Court should take judicial notice of all Defendants' exhibits, including Exhibit 25. Defendants do not oppose judicial notice of Plaintiffs' Exhibit 1, although it does nothing to save the Consolidated Class Action Complaint ("CAC") from dismissal.

**ARGUMENT**

**I.     The Court should take judicial notice of all of Defendants' exhibits.**

Plaintiffs apparently agree that Exhibits 3-5, 10-24 and 26-33, or the events from which they are transcribed, are referenced in the CAC and their authenticity is not contested. Accordingly, the Court must consider those exhibits. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (when ruling on a motion to dismiss a securities fraud complaint, "courts must consider the complaint in its entirety," including "documents incorporated into the complaint by reference"); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("If the documents are not physically attached to the complaint, they may be considered if the documents' 'authenticity ... is not contested' and 'the plaintiff's complaint necessarily relies' on them.").

Exhibit 1-2 and 6-9 are documents the Defendants filed with the SEC. Plaintiffs do not object to judicial notice of these filings nor do they contest the authenticity of the filings. The Court should therefore consider them. *In re Silicon Graphics, Inc. Sec. Litig.*, 970 F. Supp. 746, 758 (N.D. Cal. 1997) (courts may "take judicial notice of the contents of relevant public disclosure documents required to be filed with the SEC").

The only dispute is over Exhibit 25, which is the 2015 Annual Report of Defense Acquisition University, a corporate university of the Department of Defense ("DoD").

1  As noted in the Request for Judicial Notice, courts may take judicial notice of records
2  and reports from administrative bodies and agencies as maters of public record.  *See*
3  *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994) (holding that courts may take
4  judicial notice of "[r]ecords and reports of administrative bodies."); *Ries v. Hornell*
5  *Brewing Co.*, No. 10-1139, 2010 WL 2943860 at *5 (N.D. Cal. July 23, 2010) (noting
6  that a document available on the FDA's website is a matter of public record and
7  therefore judicially noticeable).  In their Opposition, Plaintiffs cite to *Hsu v. Puma*
8  *Biotechnology, Inc.*, 2016 WL 5859000, at *6-*7 (C.D. Cal. Sept. 30, 2016), a case in
9  which the court rejected certain requests for judicial notice.  None of the rejected
10 exhibits in *Puma Biotechnology* were records from a government agency.  *Id.* (rejecting
11 a printout of website advertising a drug and another printout of the "Policies and
12 Exceptions" from a private medical society).
13       Plaintiffs' opposition is not only unfounded, but serves no useful purpose.  The
14 Motion for Summary Judgment references that exhibit only for the undisputable
15 background fact that the Defense Acquisition University is a corporate university of the
16 Department of Defense that offers training.  For that reason, judicial notice of the report
17 is not required to grant the Motion to Dismiss.

**II.    The Defendants do not oppose judicial notice of Plaintiffs' Exhibit 1.**

19       Plaintiffs' response also contains its own request for judicial notice of written
20 testimony before the Senate Armed Services Committee by Dawn Bilodeau, Chief,
21 Voluntary Education Programs, DoD.  (Plaintiffs' Exhibit 1.)  The testimony is dated
22 November 29, 2016, long after the CAC and the pending Motion to Dismiss were filed.
23 It is prominently marked at the top and bottom of the first page as "NOT FOR
24 PUBLICATION UNTIL RELEASED BY COMMITTEE."  Regardless of its recent
25 creation and apparently non-final form, the Defendants do not object to its consideration
26 by the Court.  The Court should consider the Motion to Dismiss based on the factual
27 allegations actually contained in the CAC, and the addition of the information in this
28 exhibit does not supply the required particularity missing from the CAC.

None of the quotations highlighted by Plaintiffs remedy the insufficient allegations of fraud in their pleadings. The exhibit generally describes the DoD's actions in regard to its Voluntary Education Program and its 2014 MOU with educational institutions including the University of Phoenix ("UoP"). Ms. Bilodeau acknowledged that "more can and has been done to clarify and enhance these policies." (Plaintiffs' Exhibit 1 at 6.) She gave a general overview of the UoP's brief probation and reinstatement three months later. (*Id.* 8-9.) She emphasized that the "DoD and UoP were able to develop a more cooperative relationship" and that "UoP has continued to work cooperatively with DoD and, to the best of DoD's knowledge, has complied with the requirements of the MOU and the *Principles of Excellence*." (*Id.* at 9.) None of this bolsters the CAC's deficient allegations as detailed in the Motion to Dismiss.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of Defendants' Exhibits 1-33. Defendants do not oppose the Court taking notice of Plaintiffs' Exhibit 1.

Dated this 12th day of December, 2016.

OSBORN MALEDON, P.A.

By:  s/ Maureen Beyers
David B. Rosenbaum
Maureen Beyers
Brian K. Mosley
2929 North Central Ave., Suite 2100
Phoenix, Arizona 85012-2793

WILMER CUTLER PICKERING HALE AND DORR, LLP
Michael G. Bongiorno, *Pro Hac Vice*
250 Greenwich Street
7 World Trade Center
New York, New York 10007

Peter A. Spaeth, *Pro Hac Vice To Be Filed*
60 State Street
Boston, Massachusetts 02109

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 12, 2016, the attached document was electronically transmitted to the Clerk of the Court using the CM/ECF System which will send notification of such filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

s/ Patricia D. Palmer